UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                   Case No.: 2:09-cr-34-FtM-29DNF

MARK EVERETT SHARP
_____

**<u>OPINION AND ORDER</u>**

     This matter comes before the Court on related objections to the Presentence Investigation Report raised by the United States and defendant Mark Everett Sharp (defendant or Sharp). Both objections relate to whether two of defendant's bank robbery convictions "involved carjacking" within the meaning of the United States Sentencing Guidelines (U.S.S.G.) § 2B3.1(b)(5). The Court took the objections under advisement at the January 19, 2010 sentencing hearing. For the reasons set forth below, the Court finds that both bank robberies "involved carjacking," and therefore defendant's objection is overruled and the objection of the United States is sustained.

    Defendant plead guilty to Counts One, Three, Five, Seven and Eight of the Indictment. (Doc. #50.) In calculating the Sentencing Guidelines range, it is required to group the offenses. In calculating Group One (Counts One and Three), the Presentence Investigation Report arrived at an Adjusted Base Offense Level of 32 (Paragraph 47, after modifications made by the Court's decisions at the January 19, 2010 sentencing hearing). That calculation is

not now disputed.  The calculations of Group Two and Group Three are disputed.

**Defendant's Objection to Group Two Calculation:**

In calculating Group Two (Count Five, armed bank robbery), the Presentence Investigation Report added two levels pursuant to U.S.S.G. § 2B3.1(b)(5).  U.S.S.G. § 2B3.1(b)(5) provides for a two level increase "[i]f the offense involved carjacking."  The Application Notes of the Commentary state that "'carjacking' means "the taking or attempted taking of a motor vehicle from the person or presence of another by force or violence or by intimidation." U.S. Sentencing Guidelines Manual § 2B3.1, cmt. n.5.  Defendant objects to this two level increase, asserting that the facts of this particular bank robbery do not support the carjacking element requiring the vehicle to be taken from the "presence" of the victim-bank teller.  Therefore, defendant argues, carjacking was not involved in this bank robbery.

Count Five involves a December 8, 2008, bank robbery at the PNC Bank in Naples, Florida.  The facts are set forth in paragraphs 15 through 18 of the Presentence Investigation Report, as amended at the January 19, 2010 sentencing hearing.  These facts establish the following: Defendant entered the bank and asked a woman in the lobby if it was a bank.  Upon being told it was a bank, defendant ordered the woman to sit on the floor in the lobby area. Defendant, brandishing what turned out to be a BB gun, ordered another bank employee in a nearby office to sit on the floor, and

then directed two females to the teller area and demanded cash. The females removed cash from the teller drawers and put the money in defendant's bag. Defendant then demanded cash from the safe, and the females complied. Defendant then ordered everyone to get on the floor, and took the tellers into the vault, where he and a teller filled up two zippered black bags with cash. A teller (AK) reported that defendant told her to "do what I say or we'll have a scene or cause a scene," and "do what I say so you won't get hurt." Defendant then demanded AK's car keys, which AK gave him. Defendant then walked with the females to the rear exit doorway of the building, holding AK by the arm, and confirmed which vehicle belonged to AK. Defendant then left the bank and fled in AK's vehicle. The vehicle was later recovered about one-half mile away from the bank.

The carjacking enhancement applies when there is a "taking or attempted taking of a motor vehicle from the person or presence of another by force and violence or by intimidation." United States v. Bates, 213 F.3d 1336, 1339 (11th Cir. 2000)(quoting U.S. SENTENCING GUIDELINES MANUAL § 2B3.1(b)(5) cmt. n.1). The Court finds that these facts fall well within the Eleventh Circuit standard set forth in United States v. Kimble, 178 F.3d 1163, 1166-68 (11th Cir. 1999). The Court finds that the vehicle was within the reach, inspection or control of the victim, and absent the threats and intimidation by defendant the victim would have been able to maintain control of the vehicle. Taking the keys from the victim

while inside the bank, and bringing the victim only to the threshold of the bank's door, does not render defendant's conduct any less a carjacking. The decisions of many other circuits are also consistent with this holding. See, e.g., United States v. Savarese, 385 F.3d 15, 18-20 (1st Cir. 2004); United States v. Boucha, 236 F.3d 768, 771 (6th Cir. 2001)(citing six circuits which have held that a carjacking violation occurred even though defendant took keys from the victim while victim was away from his or her vehicle); United States v. Davis, 233 Fed. Appx. 292, 295 (4th Cir. 2007)(citing four circuit cases, including Kimble, for the proposition that "[t]he presence requirement of the carjacking statute can be satisfied when the victim was inside a building and the stolen vehicle was parked outside the building."); United States v. Archuleta, No. 09-1038, 2009 WL 3182995 (10th Cir. Oct. 6, 2009)(upholding carjacking enhancement when keys taken inside credit union and car was in credit union's parking lot outside of the employee's line of sight.).

Accordingly, defendant's objection to paragraph 53 of the Presentence Investigation Report is overruled. The Adjusted Offense Level (¶ 58) for Group Two becomes 34. Paragraph 73 is also corrected to reflect a level of 34 instead of 36.

**Government's Objection to Group Three Calculation:**

In calculating Group Three (Count Seven, armed bank robbery), the Presentence Investigation Report did not add two levels pursuant to U.S.S.G. § 2B3.1(b)(5). The government objects to this

omission.  Although it does not change the Sentencing Guidelines calculation, the Court sustains that objection.

Count Seven involves an April 27, 2009, bank robbery at the Florida Community Bank in Lee County, Florida.  The facts are set forth in paragraph 19 of the Presentence Investigation Report, as amended at the January 19, 2010 sentencing hearing.  These facts establish the following: On April 27, 2009, defendant robbed the Florida Community Bank in Cape Coral, Florida.  Defendant displayed a handgun and stole $47,000 from the teller drawers and the bank vault.  Defendant asked teller GR which car belonged to her and demanded her keys.  Defendant told GR to "hurry up or I'm coming over the counter."  It appears that the teller surrendered her keys while remaining behind the counter.  Defendant left the bank, stole GR's vehicle, and abandoned it a short distance away.  The Court assumes the victim never left the interior of the bank. Based upon the caselaw cited above, the Court finds that this bank robbery "involved carjacking" within the meaning of U.S.S.G. § 2B3.1(b)(5), and therefore a two level increase of the Base Offense Level should be added.  The Court will direct that a paragraph 65(a) be added to the Presentence Investigation Report to add the two levels pursuant to U.S.S.G. § 2B3.1(b)(5).  As a result, the Adjusted Offense Level in paragraph 69 becomes 25 (instead of 23), and paragraph 74 is corrected to reflect 25.

As a further result of these findings, paragraph 75 is corrected to reflect that the greatest of the Adjusted Offense

Levels is 34, and paragraph 77 is corrected to reflect a Combined Adjusted Offense Level of 36. The Total Offense Level in paragraph 80 becomes 33. Paragraph 161 is corrected to reflect a Total Base Offense Level of 33, and a guideline range of 151 to 188 months imprisonment, plus the 84 consecutive months for Count Eight.

Accordingly, it is now

**ORDERED:**

1. Defendant's objection to Paragraph 53 of the Presentence Investigation Report is **OVERRULED**.

2. The United States' objection to the lack of a two level increase in Group Three for carjacking is **SUSTAINED**.

3. The Presentence Investigation Report shall be amended as follows:

> (A) The Adjusted Offense Level (¶ 58) for Group Two shall be changed to 34.
>
> (B) Paragraph 73 shall be changed to reflect a level of 34 instead of 36.
>
> (C) A paragraph 65(a) shall be added to the Presentence Investigation Report to add two levels pursuant to U.S.S.G. § 2B3.1(b)(5).
>
> (D) The Adjusted Offense Level in ¶ 69 shall become 25 (instead of 23).
>
> (E) Paragraph 74 shall become 25 instead of 23. The Unit shall remain 0.
>
> (F) Paragraph 75 shall be corrected to reflect that the greatest of the Adjusted Offense Levels is 34.
>
> (G) Paragraph 77 shall be corrected to reflect a Combined Adjusted Offense Level of 36.

(H) The Total Offense Level in paragraph 80 shall become 33.

(I) Paragraph 161 shall be corrected to reflect a Total Base Offense Level of 33, and a guideline range of 151 to 188 months imprisonment, plus the 84 consecutive months for Count Eight.

(J) Paragraph 171 shall reflect a fine range of $17,500 to $175,000.

4. The Probation Office is directed to make these changes, and the changes the Court articulated at the January 19, 2010 sentencing hearing, and to provide counsel with a "clean" copy of the amended Presentence Investigation Report for use at the continued sentencing hearing.

**DONE AND ORDERED** at Fort Myers, Florida, this ___26th___ day of January, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation